**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 9, 2020

LETTER TO COUNSEL

RE: *Clarence M. v. Saul*;
Civil No. SAG-19-2393

Dear Counsel:

On August 20, 2019, Plaintiff Clarence M. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment, supporting memoranda, and Plaintiff's reply. ECF Nos. 17, 18, 19, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim for benefits on November 10, 2015, alleging a disability onset date of March 25, 2015. Tr. 159. His claim was denied initially and on reconsideration. Tr. 93-96, 98-99. A hearing was held on June 8, 2018, before an Administrative Law Judge ("ALJ"). Tr. 29-66. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-24. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "obesity, hypertension, and diabetes." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. He would need to avoid concentrated exposure to extreme cold/heat, wetness, excessive vibration, hazardous moving machinery, and unprotected heights.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work as a security guard. Tr. 22-23. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 23.

Plaintiff raises four primary arguments on appeal: (1) that the ALJ failed to properly consider his severe and non-severe impairments in the RFC discussion as required by Social Security Ruling ("SSR") 96-8p; (2) that the ALJ did not assign adequate weight to the opinions of his treating physicians; (3) that the ALJ's analysis of Plaintiff's subjective complaints was not supported by substantial evidence; and (4) that the ALJ failed to resolve an obvious conflict between the RFC and Plaintiff's past relevant work. ECF No. 18 at 6-19. Although not all of Plaintiff's arguments are meritorious, I agree that the ALJ's analysis was inadequate for the reasons discussed below. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff argues that the ALJ failed to consider his non-severe mental impairments in the RFC discussion. ECF No. 18 at 6-12; *see also* Tr. 65 (Plaintiff's attorney objecting to the ALJ's hypotheticals at the hearing because they lacked mental limitations). SSR 96-8p instructs, in relevant part:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

SSR 96-8p, 1996 WL 374184, at *5; *see also* 20 C.F.R. § 416.945(a)(2) (An ALJ "will consider all of [a claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe[.]'"); *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) ("To make this [RFC] assessment, the ALJ must 'consider all of the [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two.") (quoting 20 C.F.R. § 416.945(a)(2)).

At step two, the ALJ determined that Plaintiff's medically determinable mental impairments of major depressive disorder and post-traumatic stress disorder were nonsevere because they "[did] not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." Tr. 15. In making this finding, the ALJ applied the required "special technique" for evaluating mental impairments, 20 C.F.R. § 404.1520a, and concluded that Plaintiff had a "mild" limitation in each of the four "paragraph B" functional areas: understanding,

remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself, Tr. 15-16; *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A)(1)(b).

The ALJ noted that the State agency non-examining consultant opined the Plaintiff had "mild difficulty on activities of daily living, moderate difficulties in social functioning, [and] mild difficulty in concentration/persistence/pace." Tr. 17; *see also* Tr. 81 (State agency conclusion that Plaintiff's affective disorders were "severe"), 82 (State agency consultant noting that "[Plaintiff's] symptoms and impairments would not singly, or in combination prevent the claimant from completing work-like activities. However, concentration, persistence and pace, social ability and adaptation are somewhat impacted and would cause moderate limitations in basic work-like duties."). The ALJ gave this opinion "moderate weight," but found that the record did not support moderate limitations in social functioning. *Id*. The ALJ also discussed the opinions of Terry J. Cockrell, LPC, CSA and Alla Taller, M.D. Tr. 16-17. The ALJ gave "great weight" to Ms. Cockrell's opinion that "[Plaintiff] had the skills to function adequately in his work environment and he had sought out the needed support to assist him in further dealing with problematic issues related to his employment and grief issues around the loss of his son." Tr. 17. The ALJ gave "modest weight" to Dr. Taller's opinion that "[Plaintiff's] social interaction was significant for his depressed mood, tearful affect, psychomotor retardation, and perseverative talk about the mistreatment by his former superiors at his last job" because "[his] presentation during the consultative examination was a significant departure from his regular normal presentation in treatment." Tr. 17. Having found that Plaintiff did not have more than mild limitations in each of the functional areas, the ALJ concluded that Plaintiff's mental impairments were not severe. Tr. 16; *see* 20 C.F.R. § 404.1520a(d)(1).

As described by the ALJ,

> [t]he limitations identified in the "paragraph B" criteria are not [an RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listings of Impairments (SSR 96-8p).

Tr. 16. Despite finding that Plaintiff's depression and PTSD were nonsevere medically determinable impairments and reciting SSR 96-8p's requirements in his decision, the ALJ's RFC assessment focused exclusively on Plaintiff's physical impairments. See Tr. 19-23.[1] Even the

---

[1] The only mention of Plaintiff's mental health outside of step two is where the ALJ cursorily noted that Plaintiff's treating physician had opined that Plaintiff had physical and mental limitations, and that his psychological symptoms had improved with medication. Tr. 21-22. The ALJ did not consider whether any limitations in the RFC resulted from such symptoms.

ALJ's summary of Plaintiff's subjective complaints excluded any mention of depression or PTSD. Tr. 19 ("The claimant is a 64-year-old man who alleges a combination of physical impairments that prevents him from sustaining work.").

The Commissioner does not dispute that Plaintiff had mental impairments. *See* ECF No. 19-1 at 4-13. The Commissioner, instead, argues that remand is not warranted because "Plaintiff has not identified, as was his burden, any work-related limitations due to these impairments, supported by medical evidence, that the ALJ should have included in the RFC assessment." *Id*. at 8 (citing *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) ("The claimant has the burden of production and proof in Steps 1-4.")). However, Plaintiff persuasively demonstrates that the addition of an RFC limitation addressing his anxiety and depression, such as a limitation to unskilled work, may have rendered him disabled. ECF No. 18 at 10. Plaintiff was found disabled at step four because the ALJ determined that he could perform his past relevant work as a security guard. Tr. 23. According to the Dictionary of Occupational Titles ("DOT"), the job of security guard is not unskilled work. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 372.667-034 (4th ed. 1991) (defining the job as "level 3" in both reasoning and specific vocational preparation). Plaintiff points out that "the job of a security guard requires dealing with people and both the CE and [State agency consultant] found a moderate limitation in social functioning." ECF 18 at 10. Plaintiff also points out that the ALJ did not discuss the portion of the State agency consultant's report that found him limited him to unskilled work. *Id*. at 8; *see* Tr. 86. Furthermore, the Medical-Vocational Guidelines direct a finding of "disabled" for a claimant in Plaintiff's age category ("a person of advanced age") who is limited to light and unskilled work. 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 202.04; *see* 20 C.F.R. §§ 404.1563(e), 404.1568(d)(4).

Of course, it is in the purview of the ALJ to determine whether the combination of severe and nonsevere impairments requires additional limitations to Plaintiff's RFC, and the accompanying hypothetical. However, without such an explanation, this Court cannot review whether the ALJ's decision is supported by substantial evidence.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's evaluation of the medical opinion evidence and his subjective complaints, and whether an obvious conflict existed between Plaintiff's RFC and his past relevant work. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 17, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 19, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

*Clarence M. v. Saul*
Civil No. SAG-19-2393
July 9, 2020
Page 5

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                       Sincerely yours,

                                        /s/
                                  Stephanie A. Gallagher
                                  United States District Judge